# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONY MOSELY** | **CIVIL ACTION** |
| **versus** | **NO. 12-2089** |
| **ROBERT TANNER** | **SECTION: "R" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Tony Mosely, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On June 12, 2007, he was convicted of two counts of simple burglary under Louisiana law.[1] On July 16, 2007, he was sentenced on each count to a concurrent term of ten years imprisonment.[2] On September 21, 2007, he was adjudicated a third offender and was resentenced as such on the first count to a term of eighteen years imprisonment without benefit

---

[1] State Rec., Vol. III of VI, transcript of June 12, 2007, p. 115; State Rec., Vol. II of VI, minute entry dated June 12, 2007; State Rec., Vol. II of VI, jury verdict forms.

[2] State Rec., Vol. III of VI, transcript of July 16, 2007; State Rec., Vol. II of VI, minute entry dated July 16, 2007.

of probation, parole, or suspension of sentence.[3] On June 6, 2008, the Louisiana First Circuit Court of Appeal affirmed those convictions, the habitual offender adjudication, and the sentence on the second count; however, the court amended the sentence on the first count to delete the prohibition of parole and then affirmed that sentence as amended.[4] The Louisiana Supreme Court denied petitioner's related untimely writ application on October 1, 2010.[5]

On June 28, 2011, petitioner filed an application for post-conviction relief with the state district court.[6] That application was denied on June 30, 2011.[7] His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on October 11, 2011,[8] and by the Louisiana Supreme Court on June 15, 2012.[9]

---

[3] State Rec., Vol. III of VI, transcript of September 21, 2007; State Rec., Vol. II of VI, minute entry dated September 21, 2007.

[4] State v. Mosely, No. 2008 KA 0172, 2008 WL 2330568 (La. App. 1st Cir. June 6, 2008); State Rec., Vol. I of VI.

[5] State ex rel. Mosely v. State, 45 So.3d 1088 (La. 2010) (No. 2008-KH-1968); State Rec., Vol. I of VI.

[6] State Rec., Vol. I of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, because the application was dated June 28, 2011, it obviously was placed in the mail no earlier than that date.

[7] State Rec., Vol. I of VI, Order dated June 30, 2011.

[8] State v. Mosely, No. 2011 KW 1333 (La. App. 1st Cir. Oct. 11, 2011); State Rec., Vol. I of VI.

[9] State ex rel. Mosely v. State, 90 So.3d 1055 (La. 2012) (No. 2011-KH-2419); State Rec., Vol. I of VI.

On August 13, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[10] The state contends that the federal application is untimely.[11] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result,

---

[10] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). That date is not apparent from the record; however, because the application was dated August 13, 2012, that is the earliest date it could have been given to jail officials for mailing.

[11] Rec. Doc. 11. Because petitioner's federal application is in fact untimely, the Court need not address the state's alternative arguments.

[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and sentences on June 6, 2008. Under Louisiana law, he then had thirty days, i.e. until July 7, 2008, to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a).[13] Because he filed no such application by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on that date See Butler, 533 F.3d at 317-18. The federal limitations period then expired one year later on July 7, 2009, unless that federal deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

During petitioner's one-year limitations period, he filed his writ application with the Louisiana Supreme Court in case number 2008-KH-1968. However, that application, in which he sought review of the Court of Appeal's decision on direct review, was clearly untimely filed and therefore did not toll the federal limitations period for the following reasons.

---

[13] Because the thirtieth day of that period here fell on a Saturday, petitioner had until the following Monday, July 7, 2008, to file a writ application in the Louisiana Supreme Court. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

– 4 –

As previously noted, federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). While that date cannot be gleaned with certainty from the state court record with respect to the Louisiana Supreme Court writ application, that application was signed by petitioner on July 20, 2008, thirteen (13) days *after* the thirty-day state filing deadline expired.[14] Accordingly, the application was obviously given to prison officials for mailing on or after that date of signing, and it was therefore untimely even under the "mailbox rule." See, e.g., Jones v. Sumlin, Civ. Action No. 11-1520, 2011 WL 5509074, at *2 & n.19 (E.D. La. Oct. 19, 2011), adopted, 2011 WL 5508982 (E.D. La. Nov. 9, 2011); Titzer v. Cain, No. 07-4117, 2010 WL 4008351, at *4 n.23 (E.D. La. Aug. 10, 2010), adopted, 2010 WL 4000595 (E.D. La. Oct. 12, 2010); Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010).

The United States Fifth Circuit Court of Appeals has expressly and conclusively held that a petitioner is not entitled to *any* tolling credit under § 2244(d)(2) for an untimely direct-review filing. As the Fifth Circuit explained, "[u]nder that provision it is only state *post-conviction relief proceedings* that cause tolling." Butler, 533 F.3d at 318 (emphasis added). Because petitioner's untimely writ application was filed as part of the *direct review proceedings*, § 2244(d)(2) is simply inapplicable. Allen v. Tanner, Civ. Action Nos. 11-927 and 11-1601, 2011 WL 4344586, at *2 (E.D. La. Aug. 19, 2011), adopted, 2011 WL 4345081 (E.D. La. Sept. 15, 2011).

---

[14] A copy of that writ application is included in Volume VI of the state court record.

Because petitioner is not entitled to statutory tolling for the untimely Louisiana Supreme Court writ application, and because he filed no other applications in state court on or before July 7, 2009, he clearly is not entitled to any statutory tolling under § 2244(d)(2).

The Court next considers equitable tolling. The United States Supreme Court has held that AEDPA's limitations period is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 7, 2009, in order to be timely. Because his federal application was not filed until on August 13, 2012, it is untimely.[15]

---

[15] Out of an abundance of caution, the Court notes that, even if it were to disregard the untimeliness of petitioner's Louisiana Supreme Court writ application in determining the date on which his state criminal judgement became final for purposes of the AEDPA, his federal application would still be untimely. Under that scenario, his state criminal judgment would have become final no later than December 30, 2010, i.e. ninety days after the Louisiana Supreme Court denied relief. Butler, 533 F.3d at 317. The federal statute of limitations would then have commenced on that date and expired one year later, on December 30, 2011, unless that deadline was extended through tolling.

Although petitioner filed a state post-conviction application during that one-year period, that

# **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Tony Mosely be **DISMISSED WITH PREJUDICE**.

---

application would *not* have tolled the federal limitations period. As noted, under 28 U.S.C. § 2244(d)(2), the federal limitations period is tolled only by a "properly filed" state application. The United States Supreme Court has explained: "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted; emphasis added). The Supreme Court has conclusively held that when the state courts have rejected a state application as untimely, it *cannot* be considered "properly filed" so as to entitle the petitioner to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Simply put: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414 (internal quotation marks and brackets omitted). Because the Louisiana Supreme Court expressly denied relief on the basis that petitioner's post-conviction application was untimely, citing La. Code Crim. P. art. 930.8 (the provision of state law which sets forth the deadline for seeking post-conviction relief), he cannot receive any federal statutory tolling credit whatsoever for that application.

The Court is aware that petitioner contends that the Louisiana Supreme Court misapplied article 930.8 in his case, but that contention is unavailing for two reasons. First, article 930.8 is a provision of *state* law, and, as such, its interpretation is left to the state courts. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quotation marks omitted); see also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas review); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) (a federal habeas court does not sit as a "super" state supreme court to review errors under state law); Hurst v. Cain, Civ. Action No. 06-3045, 2008 WL 4286503, at *3 n. 22 (E.D. La. Sept. 18, 2008). Second, in any event, petitioner's state post-conviction application was in fact untimely under article 930.8. That article required that petitioner file his post-conviction application no later than two years after his convictions and sentences became final under La. Code Crim. Proc. art. 922. See La. Code Crim. Proc. art. 930.8(A). Because petitioner failed to seek review by the Louisiana Supreme Court in a timely manner, his convictions and sentences became final for the purposes of state law under article 922 on June 20, 2008, fourteen days after the Court of Appeal's judgment. See La. Code Crim. Proc. art. 922(A), (B), and (D). In that his post-conviction application was not filed until more than three years later, it was clearly untimely under article 930.8.

Therefore, under this scenario, petitioner still would not have been entitled to either statutory or equitable tolling, and his federal limitations period would have expired no later than December 30, 2011, long before his federal application was filed on August 13, 2012.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this twenty-second day of October, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.